THE CITY OF TRENTON, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. PENN-JERSEY AUTO STORES, INC., *ET AL.,* DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 25, 1966—Decided February 7, 1966.

222

Before Judges Conford, Kilkenny and Leonard.

*Mr. David A. Friedman* argued the cause for appellant (*Mr. Sido L. Ridolfi,* attorney).

*Mr. Richard J. S. Barlow, Jr.* argued the cause for respondent (*Messrs. Lenox, Giordano & Lenox,* attorneys).

The opinion of the court was delivered by

Conford, S. J. A. D. Of the grounds of appeal argued by defendant in this condemnation case we find only one which has merit. This is the exclusion by the trial court, over objection, of the citation by one of defendant's appraisal experts of three sales of comparable properties in support of his appraisal of the land value of the property in question (an improved parcel). The trial judge relied upon *In re Housing Authority of City of Newark,* 126 *N. J. L.* 60 (*E. & A.* 1941), in holding that where the dispute is over land value, the sale of a property with improvements on it, otherwise comparable to the subject property, is excludable as a matter of law.

We think the judge erred in applying the *Housing Authority* case to the evidential problem here presented.

It is true that in each of the three sales here involved there were improvements on the parcel sold. But the expert testified, in effect, that in his opinion the purchaser acquired the properties solely for the utility of the land since the buildings were demolished soon after the sales and the sites were used either for the erection of new structures, or, in one case, to build a parking lot. (The latter sale included a part of the very property here under appeal.) This conclusion was fortified by the expert's opinion that in the case of each sale the improvements on the parcels sold were obsolete and of little or no practicable value.

██ Sales of comparable properties are offered in land valuation cases, not necessarily as direct indicia of value but more often as supportive of the reasoning by which the expert arrives at his own opinion of value—the latter being the primary evidence under submission to the fact-finder. See *Moorestown Tp. v. Slack,* 85 *N. J. Super.* 109, 114 (*App. Div.* 1964), certification denied 43 *N. J.* 452 (1964); *D. L. & W. R. R. Co. v. City of Hoboken,* 16 *N. J. Super.* 543,, 556–558 (*App. Div.* 1951), reversed on other grounds 10 *N. J.* 418 (1952). In the case at hand the trial judge was not excluding the sales as a matter of discretion but as a matter of law. In the *Housing Authority* case, *supra,* upon which he relied, the court in a land value case sustained the discretionary exclusion of a sale of a comparable improved parcel where the expert found substantial value in both the land and building of the property sold and analyzed the sale for land value by subtracting the value which in the expert's opinion was attributable to the building from the total sale price, thus purportedly arriving at a putative sale price for the land. Without implying any view as to the merits of that holding, we find that in the instant case, on the contrary, the expert attributes no value to the building on the parcel sold for reasons which in his expert judgment are justifiable. We therefore conclude that the trial court should not have excluded these proofs from the jury as a matter of law. Their probative weight is, of course, another matter, as the plaintiff was free to argue to the fact-finder that to the seller, at least, in each case the sale price represented payment for an improvement as well as land.

██ The error here was prejudicial since the excluded sales tended to show market values of $500+ per front foot for the land in question—a figure approximating the opinion of defendant's land appraisal expert but much higher than the appraisals of plaintiff's experts. The jury's verdict was much closer to the valuations of the subject property by plaintiff's experts than that of defendant.

Reversed and remanded for a new trial.